62 F.3d 1422
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Peter Levi HEMKEN, Appellant.
 No. 94-1951
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Nov. 18, 1994.
Filed: Aug. 14, 1995.
 
 Before BEAM, Circuit Judge, CAMPBELL,* Circuit Judge, and ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Peter Levi Hemken appeals the district court's[1] failure to reduce his sentence under an amendment to the Guidelines which specifies the method of calculating the weight of LSD. We affirm.
 
 
 2
 Hemken entered a plea of guilty to conspiracy to distribute 15.75 grams of LSD, in violation of 21 U.S.C. Sec. 846. That weight calculation included the weight of the pure LSD and its blotter paper carrier medium. Based on an offense level of 29 and a criminal history category of IV, Hemken's Guideline sentencing range was 121 to 151 months. Because he conspired to distribute more than ten grams of LSD and had a previous felony drug trafficking conviction, he received a mandatory minimum sentence of 240 months under 21 U.S.C. Sec. 841(b)(1)(A). Hemken did not appeal the sentence.
 
 
 3
 Later, the government filed a motion to reduce Hemken's sentence to 144 months for substantial assistance. At the hearing on that motion, the district court addressed the changes brought about by Amendment 488 of the Guidelines, U.S.S.G. Sec. 2D1.1(c) (1993). The amended guideline establishes a presumptive weight per dose of LSD. Id. If the new method were utilized, Hemken would be held responsible for conspiring to distribute 6.8 grams of LSD, would not be subject to the mandatory minimum, and would have a Guideline range of 84 to 105 months.
 
 
 4
 After noting the difference in the sentencing ranges brought about by the two methods of drug weight calculation, the district court found that "the real guideline in either instance would be 240 months because of the minimum mandatory sentence required by statute." United States v. Hemken, No. 90-47, slip op. at 2 (S.D.Iowa March 4, 1994). The district court granted the government's motion to depart and reduced Hemken's sentence to 125 months. The district court exceeded the reduction recommended by the government because it found that Hemken had provided substantial assistance, had testified in court, and had performed well as an inmate since being incarcerated. Id. at 3.
 
 
 5
 On appeal, Hemken challenges the district court's failure to further reduce his sentence under Amendment 488. It is now the law of this circuit that "where the per dose approach conflicts with the mandatory minimum sentence approach, the mandatory minimum approach prevails." United States v. Stoneking, 1995 U.S. App. LEXIS 16164, * 9 (8th Cir. July 3, 1995) (en banc)[2]. Thus, to determine the applicability of a mandatory minimum sentence, the weight of LSD should be calculated by weighing the LSD together with all of its carrier medium instead of using the per dose weight set forth in the amended guideline. Id. at * 10. We find that the district court did not err in failing to reduce Hemken's sentence under the amended Guideline.[3]
 
 
 6
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Levin H. Campbell, Senior United States Circuit Judge for the First Circuit, sitting by designation
 
 
 [1]
 The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa
 
 
 [2]
 The reasoning in Stoneking follows that of United States v. Neal, 46 F.3d 1405 (7th Cir.1995), a case for which certiorari has now been granted by the Supreme Court. See 63 U.S.L.W. 3889 (June 19, 1995)
 
 
 [3]
 Hemkin also asserts a due process argument that is disposed of by Stoneking, at least on the facts adduced here